```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:                                          :
                                                :
KEURIG GREEN MOUNTAIN SINGLE-                   :    14-MD-2542 (VSB)
SERVE COFFEE ANTITRUST                          :
LITIGATION                                      :    ORDER
                                                :
This Document Relates to All Actions            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of the letter filed on April 19, 2022, by Plaintiffs TreeHouse Foods, Inc., Bay Valley Foods, LLC, and Sturm Foods, Inc. on behalf of TreeHouse and Plaintiffs JBR, Inc. (d/b/a Rogers Family Company), McLane Company, Inc., and Direct Purchaser Plaintiffs (collectively, "Plaintiffs") requesting I set a date for a jury trial, (Doc. 1818), and the letter filed by Defendant Keurig ("Defendant") on April 25, 2022, opposing that request, (Doc. 1826.) As an initial matter, I note that Plaintiffs do not appear to withdraw their summary judgment motions, and Defendant has expressed an interest that I decide its own summary judgment motion. Plaintiffs do not cite any legal authority for their request in light of the positions each party has taken with regard to their respective summary judgment motions. Based upon the assertions made in the outstanding motions, it is possible that my decisions on the pending pretrial motions may resolve some or all of the legal issues the parties are expected to litigate at trial, and also may provide guidance concerning various factual issues to be tried, thereby narrowing the disputed issues for trial. *See Monroe v. Cnty. of Orange*, No. 14-CV-1957 (KMK), 2016 WL 5394745, at *9 (S.D.N.Y. Sept. 27, 2016) ("[T]he purpose of summary judgment is to narrow the issues for trial[.]" (citation omitted)); *Clemente Glob. Growth Fund, Inc. v. Pickens*, 729 F. Supp. 1439, 1442 (S.D.N.Y. 1990) (explaining that on a motion for summary judgment, the trial court must "assess whether factual issues sufficient to require

a trial are at hand.")  Therefore, I find that setting a trial date prior to resolution of the many issues in the pending motions would be imprudent and inefficient.  Accordingly, it is hereby:

ORDERED that Plaintiffs' request for a trial date is DENIED.  If necessary, following my resolution of the pending motions on summary judgment, (Docs. 1489, 1493), I will ask the parties to meet and confer and provide me with possible dates for trial.

SO ORDERED.

Dated:    May 16, 2022
          New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge